UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LA SHANDRA D. MOORE, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>RECEIVABLES MANAGEMENT PARTNERS, LLC,<br><br>    Defendant. | Case No.1:21-cv-04665 |

## CLASS ACTION COMPLAINT

**NOW COMES** Plaintiff, LA SHANDRA D. MOORE, individually, and on behalf of all others similarly situated, by and through her undersigned counsel, complaining of Defendant, RECEIVABLES MANAGEMENT PARTNERS, LLC, as follows:

## NATURE OF ACTION

1. This action seeks redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) citing Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

1

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

6. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

7. LA SHANDRA D. MOORE ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

8. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

9. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

10. RECEIVABLES MANAGEMENT PARTNERS, LLC ("Defendant") is a limited liability company organized and existing under the laws of the state of Delaware.

11. Defendant is a debt collection agency that collects debts from consumers nationwide.

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(a) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it is regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

13. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

14. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 6061.

15. At all times relevant, Plaintiff's number ending in 6061 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

16. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

17. In October 2017, January 2018, and March 2018, Plaintiff incurred medical debts for surgery and physical therapy at Rush Copley Medical Center in Aurora, Illinois ("subject debts").

18. Plaintiff's medical insurance providers were fully responsible for the payment of the subject debts.

19. Unbeknownst to Plaintiff, the alleged balance on subject debts were sent to Defendant for collection.

20. In or around March 2021, Defendant started placing collection calls to Plaintiff on the subject debts.

21. After the second telephone call, Plaintiff answered and advised Defendant that she did not owe the subject debts as she was in contact with Rush Copley Medical Center. Furthermore, Plaintiff asked Defendant to stop contacting her.

22. Soon after, Plaintiff received collection letters from Defendant requesting payments of $15.00 and $50.00 towards the alleged subject debts which she did not owe.

23. At the time Plaintiff received the letters from Defendant, Plaintiff was in the process of purchasing a new home. Plaintiff then went online and made the payments because she did not want it to affect her loan process in the event Defendant reported on her credit reports.

24. In addition to the collection calls, Plaintiff has been receiving pre-recorded messages from Defendant as well.

25. Specifically, Defendant would leave a voicemail on Plaintiff's cellular phone when she did answer stating:

26. "This is Receivables Management Partners, LLC calling. This call is from a debt collector. Please call us back at 855-303-9286. Again the number is 855-303-9286."

27. Despite Plaintiff's requests that the collection calls cease, Defendant continued placing harassing collection calls to Plaintiff's cellular phone and leaving Plaintiff pre-recorded voice messages.

28. Plaintiff's request fell on deaf ears again and Defendant continued placing harassing collections calls to Plaintiff (including pre-recorded messages), including, but not limited to, calls from the phone numbers: (815) 553-3595 and (254) 772-6111.

29. Concerned with having had her statutory right under the FDCPA violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection practices ceased.

30. Accordingly, Plaintiff needed to expend energy/time consulting with attorneys as direct result of Defendant's unlawful collection practices.

**DAMAGES**

31. Defendant's harassing phone calls and pre-recorded messages have severely disrupted Plaintiff's everyday life and overall well-being.

32. Defendant's harassing calls and pre-recorded messages have caused Plaintiff damages, including, aggravation that accompanies frequent unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls and text messages, wear and tear to Plaintiff's cellular phone, temporary loss of use of

4

Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

33. Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

## CLASS ALLEGATIONS

34. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

35. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons throughout the state of Illinois (1) to whom Defendant placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without his/her consent; (5) within the four years preceding the date of this complaint through the date of class certification.

36. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors, or assigns of any such

excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

### A. Numerosity

37. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

38. The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can only be determined through targeted discovery.

39. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

40. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

### B. Commonality and Predominance

41. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

42. Those questions predominate over any questions that may affect individual members of the Putative Class.

### C. Typicality

43. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

### D. Superiority and Manageability

44. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

45. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

46. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

47. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

    E. **Adequate Representation**

48. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

49. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

50. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

**CLAIMS FOR RELIEF**
**COUNT I**
**Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.)**
**(Plaintiff Individually)**

51. Paragraphs 1-50 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

    a. **Violation(s) 15 U.S.C. §1692c**

52. Pursuant to § 1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…." 15 U.S.C. §1692c(a)(1).

53. As set for above, Plaintiff requested that Defendant cease its collection calls to her Cellular phone.

54. Despite being notified that its collection calls were unwanted, Defendant made the conscious decision to continue its harassing phone calls, which were clearly inconvenient to Plaintiff.

55. Defendant violated § 1692c(a)(1) when it placed at least 100 collection calls to Plaintiff's cellular phone number at a time Defendant knew to be inconvenient to Plaintiff.

56. In other words, since Plaintiff did not want any calls from Defendant, any call placed after the cease request was known by Defendant to be an inconvenient time for Plaintiff.

   b. **Violation(s) of FDCPA §1692d**

57. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

58. § 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

59. Defendant violated §§ 1692d and d(5) when it placed at least 100 collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debts after being requested to stop.

60. Defendant's conduct in systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

61. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed Defendant he no longer wished to be contacted on her cellular telephone.

62. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff requested that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

### c. Violation(s) of 15 U.S.C. §1692e

63. Section §1692e(2) of the FDCPA prohibits a debt collector from falsely representing the character, amount, or legal status of a debt. 15 U.S.C. §1692e(2)

64. Specifically, Defendant was attempting to collect on a debt that Plaintiff did not owe.

65. Furthermore, after being advised that the Plaintiff does not owe the subject debt, Defendant is still attempting to collect the subject debt.

### d. Violation(s) of FDCPA §1692f

66. Pursuant to § 1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt."

67. Defendant violated §1692f by employing unfair and unconscionable means to attempt to collect on a debt not belonging to Plaintiff.

68. Specifically, Defendant was attempting to collect on a debt that Plaintiff did not owe.

**WHEREFORE,** Plaintiff LA SHANDRA D. MOORE, requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

  b.  Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

  c.  Awarding Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

  d.  Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II

**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**
**(On behalf of Plaintiff and the Members of the Putative Class)**

69. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

70. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

71. Upon information and belief, the system used by Defendant to place calls to Plaintiff has the capacity to use a random or sequential number generator to determine the order in which to pick phone numbers from a preloaded list of numbers of consumers that are allegedly in default on their payments.

72. Accordingly, the system employed by Defendant has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

73. As pled above, Defendant used an artificial or prerecorded voice, which automatically played upon Plaintiff answering the call or upon the call reaching Plaintiff's voicemail.

74. Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing no less than 100 non-emergency calls and pre-recorded messages, including but not limited to the aforementioned collection calls and pre-recorded messages, to Plaintiff's cellular telephone, utilizing an ATDS without Plaintiff's consent.

75. As pled above, Plaintiff revoked consent to be called on her cellular phone during an answered call around March 2021.

76. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

77. Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular phones.

78. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

79. Upon information and belief, Defendant knew its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

80. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

81. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff, LA SHONDRA D. MOORE, on behalf of herself and the members of the Putative Class, requests the following relief:

    a. An order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

    b. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

c. an award of statutory damages of at least $500.00 for each and every violation to Plaintiff and the members of the Putative Class for each such violation;

d. an award of treble damages of up to $1,500.00 for each and every violation to Plaintiff and the members of the Putative Class for each such violation; and

e. an award of such other relief as this Court deems just and proper.

## COUNT III:

### Illinois Consumer Fraud and Deceptive Business Practices Act
### (Plaintiff individually)

82. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

83. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

84. Plaintiff is a "person" as defined in ICFA, 815 ILCS 505/1 (c).

85. Plaintiff is a "consumer" as defined in ICFA, 815 ILCS 505/1 (e).

86. Defendant is engaged in "commerce" in the State of Illinois with regard to Plaintiff as defined by ICFA, 815 ILCS 505/1(f).

**a. Unfairness and Deception**

87. It was unfair for Defendant to attempt to collect a debt by placing the above referenced calls to Plaintiff's cellular phone number after she requested that the phone calls cease.

88. Plaintiff had no choice but to submit to Defendant's phone calls. Specifically, the only option available to Plaintiff to escape Defendant's phone calls was to turn off her cellular phone. However, given the imperative function that cellular phone numbers play in today's society, Plaintiff had no reasonable alternative other than to submit to Defendant's phone calls.

89. The phone harassment campaign that Defendant unleashed on Plaintiff was against public policy, unethical, and oppressive.

90. As pled above, Plaintiff was substantially harmed by Defendant's unfair conduct.

91. Upon information and belief, Defendant systematically places harassing phone calls to consumers in Illinois in order to aggressively collect debts.

92. Upon information and belief, placing unsolicited and harassing cellular phone calls to consumers is an unfair business practice willfully employed by Defendant and is conducted on a wide scale.

93. An award of punitive damages is appropriate because Defendant's conduct as described above was outrageous, willful, and wanton, and showed a reckless disregard for the rights of Plaintiff and consumers in general.

    **WHEREFORE,** Plaintiff LA SHONDRA D. MOORE requests the following relief:
    a.    a finding that Defendant violated the ICFA;
    b.    an order enjoining Defendant from placing further violating calls to Plaintiff;
    c.    an award of actual damages in an amount to be determined at trial;
    d.    an award of punitive damages in an amount to be determined at trial;

e. an award of reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and

f. an award of any further relief that is equitable and just.

Date: August 31, 2021 Respectfully submitted,

**LA SHONDRA D. MOORE**

By: */s/ Victor T. Metroff, Esq.*

Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com