UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LA SHANDRA D. MOORE, individually, and on behalf of all others similarly situated,<br><br> Plaintiff,<br><br>v.<br><br>RECEIVABLES MANAGEMENT PARTNERS, LLC,<br><br> Defendants. | Case No. 1:21-cv-04665<br><br>Honorable Judge Andrea Wood |

JOINT INITIAL STATUS REPORT

 Pursuant to Fed. R. Civ. P. 26(f) and this Court's Case Management Procedures, the parties submit the following Joint Initial Status Report.

**1.**   **Nature of the Case**

 **A.**   **Parties:**

| For Plaintiff: | For Defendant: |
|---|---|
| **Mohammed O. Badwan (lead)**<br>**Victor T. Metroff**<br>**Marwan R. Daher**<br>**Jennifer McLaughlin**<br>Sulaiman Law Group, Ltd.<br>2500 S. Highland Ave., Ste. 200<br>Lombard, IL 60137<br>Phone (630)575-8180<br>Fax: (630)575-8188<br>mbadwan@sulaimanlaw.com<br>vmetroff@sulaimanlaw.com<br>mdaher@sulaimanlaw.com<br>jmclaughlin@sulaimanlaw.com | **Stefan R. Dandelles (lead)**<br>Kaufman Dolowich & Voluck, LLP<br>135 S. LaSalle Street<br>Suite 2100<br>Chicago, Illinois 60603<br>Phone: (312) 646-6742<br>sdandelles@kdvlaw.com |

  **B.**  **Status of service:** Defendant waived service [Dkt. 8] and Defendant's responsive pleading is due on or before November 15, 2021.

  **C.**  **Jurisdiction:** The Court has federal question jurisdiction over Plaintiff's claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq*. and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*. The Court has supplemental jurisdiction over Plaintiff's claim under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq*.

  **D.**  **Claims asserted:** Plaintiff contends that Defendant violated the TCPA, FDCPA, and ICFA by placing harassing collection calls to Plaintiff's cellular phone using an artificial or prerecorded voice without Plaintiff's consent. Plaintiff also brings class claims under the TCPA. The putative class is defined as:

> All persons throughout the state of Illinois (1) to whom Defendant placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without his/her consent; (5) within the four years preceding the date of this complaint through the date of class certification.

Defendant denies that it violated the TCPA, FDCPA, and ICFA and denies that it is liable to Plaintiff in any way.

  **E.**  **Major legal and factual issues:** Plaintiff states that the major legal and factual issues are: (1) whether Defendant placed calls Plaintiff's cellular phone using an artificial or prerecorded voice to deliver a message to Plaintiff; (2) whether Defendant had Plaintiff's consent to place such calls; (3) whether Defendant's phone calls to Plaintiff after Plaintiff requested that the calls cease is harassing and in violation of the FDCPA; and (4) whether Defendant's overall conduct constitutes an unfair practice under ICFA.

  Defendant states that the legal and factual issues also involve Plaintiff's alleged damages.

2. **Mandatory Initial Discovery Pilot Project ("MIDP")**

    A. No longer applicable.

3. **Case Plan**

    A. **Pending motions:** There are no pending motions at this time.

    B. Defendant anticipates filing an Answer to the Complaint that will include Defendant's affirmative defenses.

    C. **Discovery plan:**

        i. The Parties anticipate both written and oral discovery.

        ii. Discovery may encompass electronically stored information ("ESI"). The Parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. The Parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable.

        iii. The Parties do not anticipate any issues regarding privilege or protective orders at this time. The Parties reserve the right to seek the entry of a Protective Order during discovery.

        iv. Parties propose to exchange Rule 26(a)(1) disclosures by **November 23, 2021**.

        v. Fact discovery to be completed by **May 30, 2022**.

        vi. The Parties do not anticipate the need for expert witnesses at this time.

        vii. No changes are requested in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by the Local Rules.

       **viii.**    Assuming no expert discovery will be needed, dispositive motions to be filed by **July 30, 2022**.

    **D.**    **Trial:**

       **i.**    Plaintiff has demanded a jury trial.

       **ii.**    A jury trial should last no more than five days.

**4.**    **Settlement**

    **A.**    **Settlement Discussions:** The Parties have not engaged in settlement discussions. Plaintiff will make a settlement demand upon request.

    **B.**    **Settlement Conference:** The parties do not request a settlement conference at this time.

**5.**    **Consent to Proceed Before a Magistrate Judge:**

    **A.**    The Parties do not unanimously consent to proceed before a Magistrate Judge.

Dated: October 27, 2021

| **PLAINTIFF** | **DEFENDANT** |
|---|---|
| By: /s/ *Mohammed O. Badwan* | By: */s/ Stefan R. Dandelles* |
| Mohammed O. Badwan | Stefan R. Dandelles |
| Sulaiman Law Group, Ltd. | Kaufman Dolowich & Voluck, LLP |
| 2500 S. Highland Avenue, Suite 200 | 135 S. LaSalle Street |
| Lombard, IL 60148 | Suite 2100 |
| Phone: (630) 575-8180 | Chicago, Illinois 60603 |
| Facsimile: (630) 575-8188 | Phone: (312) 646-6742 |
| mbadwan@sulaimanlaw.com | sdandelles@kdvlaw.com |
| *Counsel for Plaintiff* | *Counsel for Defendants* |